IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Frank C. Brown, Jr., :

        Plaintiff                :         Civil Action 2:10-cv-00352

v.                                         :         Judge Frost

Russ Parrish, *et al.*,                  :         Magistrate Judge Abel

        Defendants             :


**INITIAL SCREENING
REPORT AND RECOMMENDATION**

Plaintiff Frank C. Brown, Jr., an inmate at the London Correctional Institution, brings this prisoner civil rights action under 42 U.S.C. §1983. This matter is before the Magistrate Judge for a Report and Recommendation on initial screening of the complaint pursuant to 28 U.S.C. §1915A(a) and (b)[1] and 42 U.S.C. §1997e(c) to identify

---

[1]The full text of §1915A reads:

    (a) Screening.--The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

    (b) Grounds for Dismissal.--On review the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--

        (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

cognizable claims, and to dismiss the complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. The Magistrate Judge finds that the complaint fails to state a claim upon which relief may be granted and therefore **RECOMMENDS** dismissal of the complaint.

The complaint alleges that on October 28, 2009 Brown was transferred from the London Correctional Institution ("LoCI") to the Madison Correctional Institution ("MaCI"). His personal property, general and legal materials were all placed in storage. He requested and was denied access to those materials. Specifically, MaCI Sgt. Brenda Cooper denied him access to legal materials regarding "pending and litigation he was compiling against his parent instituion to which plaintiff needed access to finish and respond to." On November 2, 2009, Sgt. Cooper, Inspector of Institutional Services Jondrea Parrish, and Unit Management Administrator Mrs. V. Workman denied Brown access to his general and personal legal materials. They denied access until they could inspect the materials and determine whether they were all Brown's and whether they were related to current litigation. They attempted to make Brown mail out, destroy or

---

(2) seeks monetary relief from a defendant who is immune from such relief.

(c) Definition.--As used in this section, the term "prisoner" means any person incarcerated or detained in any facility who is accused of, convicted of, sentence for, or adjudicated delinquent for, violations of criminal law or terms and conditions of parole, probation, pretrial release, or diversionary program.

2

permit the destruction of his general and personal legal material and personal property.

On November 3, 2009, Brown was transferred to North Central Correctional Institution ("NCCI"), where he "was permitted to take all the property as listed above . . . ." On November 29, 2009, Brown was transferred back to LoCI.

The complaint alleges that the series of transfers are referred to by inmates as "diesel therapy." When he arrived back at LoCI, Brown, who was shackled, was forced to carry four boxes of personal property, clothing, commissary and legal materials some 60 to 70 feet from the bus into receiving and transportation. The two boxes of legal materials weighed 100 pounds. CO McDonald refused to let Brown take his legal materials until a major and the unit administrator had looked through them and made sure all current legal work was his.

On March 5, 2010, Sgt. Shandale informed Brown that Lt. Park said they had to go down to transportation and take his legal materials out of storage and send them home or do something with them. When they arrived at transportation, they were told that the legal materials had been sent to Unit Manager Russ Parrish's office. They remained there through the date the complaint was filed. The legal materials include documents related to his criminal case, which is the subject of a federal habeas corpus action; files related to a civil child support and visitation case; and civil files regarding other actions pending in the Ohio courts. The complaint alleges that since November 29, 2009, plaintiff Brown has been "continuously denied . . . unfettered, unlimited, open access to said legal material." Further, defendants' actions "have prejudiced plaintiff and

have impeded and prevented plaintiff from continuing proceedings previously initiated and initiating other proceedings against them and other parties . . . ."

Rule 8(a), Federal Rules of Civil Procedure provides for notice pleading. *Conley v. Gibson*, 355 U.S. 41, 47 (1957). The United States Supreme Court held in *Erickson v. Pardus,* 551 U.S. 89, 93 127 S.Ct. 2197 (2007):

> . . . Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Specific facts showing that the pleader is entitled to relief are not necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.': *Bell Atlantic Corp. v. Twombly*, 550 U.S. __, __, 127 S.Ct. 1955, __ (2007) (quoting *Conley v. Gibson,* 355 U.S. 41, 47 (1957)).

Moreover, *pro se* complaints must be liberally construed. *Erickson v. Pardus*, 551 U.S. at 94; *Hughes v. Rowe*, 449 U.S. 5, 9-10 (1980).

Prisoners have a right of access to the courts. *Bounds v. Smith,* 430 U.S. 817, 821-24 (1977). However, it is not enough to allege that defendants denied a prisoner access to legal materials, the prisoner must show actual injury to be entitled to relief. *Lewis v. Casey*, 518 U.S. 343, 249-51 (1996). A complaint that merely alleges that the plaintiff was "prejudiced" and fails to allege "any specific or concrete prejudice to his cause" fails to state a claim for relief. *Pilgrim v. Littlefield,* 92 F.3d 413, 415-16 (6th Cir. 1996). *See, Stanley v. Vining,* 602 F.3d 767, 770 (6th Cir. 2010). In contrast, when the complaint alleges prejudice in a particular case, such as dismissal of an appeal because late mailing of a prisoner's claim of appeal by prison officials caused the it to be filed late, resulting in the dismissal of the appeal, it states a claim for relief. *Dorn v. Lafler,* 601 F.3d 439, 444

(6th Cir. 2010).

Here the complaint does not allege any prejudice to plaintiff Brown in a specific case. As in *Pilgrim,* the complaint merely generally alleges that Brown was prejudiced, but does not identify the prejudice.

Accordingly, it is hereby **RECOMMENDED** that the complaint be **DISMISSED** for failure to state a claim under 42 U.S.C. §1983.

**IT IS FURTHER ORDERED** that the United States Marshal serve upon each defendant named in part III, B and C of the form civil rights complaint a summons, a copy of the complaint, and a copy of this Order. Defendants are not required to answer the complaint unless later ordered to do so by the Court.

The Clerk of Court is DIRECTED to mail a copy of this Order to the Attorney General of Ohio, Corrections Litigation Section, 150 East Gay St., 16th Floor, Columbus, OH 43215.

If any party objects to this Report and Recommendation, that party may, within ten (10) days, file and serve on all parties a motion for reconsideration by the Court, specifically designating this Report and Recommendation, and the part thereof in question, as well as the basis for objection thereto. See 28 U.S.C. §636(b)(1)(B); Fed. R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to de novo review by the District Judge and waiver of the right to appeal the judgment of the District Court. *Thomas v. Arn*, 474

U.S. 140, 150-152 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  See also *Small v. Secretary of Health and Human Services*, 892 F.2d 15, 16 (2d Cir. 1989).

                                        s/Mark R. Abel
                                        United States Magistrate Judge