IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Frank C. Brown, Jr.,                 :

        Plaintiff,                   :

    v.                               :     Case No. 2:10-cv-283

Warden Deb Timmerman-Cooper,         :     JUDGE EDMUND A. SARGUS, JR.
et al.,                                    Magistrate Judge Kemp

        Defendants.                  :


Frank C. Brown, Jr.,                 :

        Plaintiff,                   :

    v.                               :     Case No.  2:10-cv-352

Russ Parish, et al.,                 :     JUDGE EDMUND A. SARGUS, JR.
                                           Magistrate Judge Kemp
        Defendants.                  :

Frank C. Brown Jr.,                  :

        Plaintiff,                   :     Case No.  2:10-cv-967

    v.                               :

Warden Deb Timmerman-Cooper          :     JUDGE EDMUND A. SARGUS
et al.,                                    Magistrate Judge Kemp

        Defendants.                  :

                    OPINION AND ORDER

     Plaintiff, Frank C. Brown, is a state prisoner incarcerated
at the London Correctional Institution.  Mr. Brown has several
related actions pending in this Court regarding the conditions of
his incarceration.  In each of these actions, Mr. Brown requested
and was granted leave to proceed in forma pauperis.  On January
31, 2011, defendants filed in each of the three cases identified
in the caption of this order a motion entitled "Defendant's

Motion to Compel Immediate Payment of Full Filing Fees and For
Related Relief Under the Three Strikes Provision of the PLRA,"
and they also moved to stay each case pending a decision on that
motion.  Mr. Brown has responded.  For the following reasons, the
Court will deny both motions.

I.

The following statement of facts is taken from the
defendants' motion and is not in dispute.  Mr. Brown has had
three actions dismissed in courts of the United States for
failure to state a claim upon which relief can be granted.  The
first was <u>Frank C. Brown, Jr. v. Corrections Officer Porter</u>, Case
No. 1:10-cv-1736, which was dismissed on September 28, 2010 in
the Northern District of Ohio.  This case is currently on appeal
to the United States Court of Appeals for the Sixth Circuit as
Case. No. 10-4303.  The second was <u>Frank C. Brown, Jr. v.
Harwood</u>, Case No. 2:10-cv-880, which was dismissed on January 6,
2011 by this Court.  This case is also currently on appeal as
Case No. 11-3082 to the Sixth Circuit.  The third was <u>Frank C.
Brown, Jr. v. Blackwell</u>, Case No. 2:10-cv-966, which was also
dismissed January 6, 2011 by this Court.  Two of Mr. Brown's
three dismissed actions were dismissed after the present action
was filed and two of them are on appeal.

II.

28 U.S.C. §1915(g) states:

> In no event shall a prisoner <u>bring</u> a civil action or
> appeal a judgment in a civil action or proceeding under
> this section if the prisoner has, on 3 or more <u>prior</u>
> occasions, while incarcerated or detained in any
> facility, brought an action or appeal in a court of the
> United States that was dismissed on the grounds that it
> is frivolous, malicious, or fails to state a claim upon
> which relief may be granted, unless the prisoner is under
> imminent danger of serious physical injury.  (emphasis
> added)

Defendants' motion argues that because Mr. Brown has now had

-2-

three actions dismissed for failure to state a claim upon which
relief can be granted in courts of the United States, he now has
"three-strikes" and may no longer proceed in forma pauperis under
§1915(g). They therefore ask the Court to revoke its prior
orders granting Mr. Brown leave to proceed in forma pauperis and
require him to pay the full filing fee. The issue here is
whether the text of §1915(g) allows the Court to apply its "three
strikes" provisions to pending cases in the manner defendants
suggest.

Although defendants have not cited any case law addressing
the question of whether a prisoner litigant who acquires a third
"strike" during the pendency of a case may be required to pay the
full filing fee immediately, this is not an issue of first
impression. In Cruz v. Marcial, 2002 WL 655520 (D. Conn. April
18, 2002), the defendants asked the court to apply §1915(g) to an
inmate plaintiff who acquired his third "strike" (as well as
several additional "strikes") during the pendency of that case.
Focusing on the language of the statute, and particularly the
word "bring," the court concluded that the statute applies only
to the act of commencing a case, not continuing it after
commencement, and held that "inasmuch as the plain language of
§1915(g) limits its applicability to the commencement of suits,
defendants' arguments are unavailing." Id. at *2.

Cruz was followed in Eady v. Lappin, 2007 WL 1531879, *3
(N.D.N.Y. May 22, 2007), where the court held that the "plain
language" of §1915(g) foreclosed the relief sought by the
defendants, and that "dismissals, which post-date the filing of
this action, may not count as 'strikes' for purposes of
determining whether or not Plaintiff may proceed (or may continue
to proceed) in forma pauperis in the current action." See also
Zaire v. Welch, 2008 WL 934426 (N.D.N.Y. March 31, 2008); cf.
Garcia v. Silbert, 141 F.3d 1415 (10th Cir. 1998) (holding that

-3-

by its plain language, §1915(g)'s three strikes provision did not apply retroactively to a case which had been brought in the district courts at the time of its enactment); Gibbs v. Ryan, 160 F.3d 160, 163 (3d Cir. 1998)(same, noting that "subsection (g) was intended to apply only at the time an indigent prisoner files a complaint or an appeal, and was not intended to apply later in the course of the proceeding").

There is at least some indirect authority which supports defendants' reading of the statute, however. In McGrew v. Barr, 2011 WL 1107195, *2 (M.D. La. March 22, 2011), a case in which the plaintiff acquired two additional strikes after being granted leave to proceed without immediate payment of the full filing fee, the court's opinion stated that the question to be resolved was "whether these last two frivolous dismissals from the Fifth Circuit, which both count as strikes against plaintiff, but were rendered after the pending case was filed and IFP status granted, can cause this court to determine that plaintiff's IFP status should be revoked." That is the same issue raised by defendants here. McGrew, however, does not ultimately answer that question directly, because although the court did revoke the plaintiff's in forma pauperis status, it relied on the ground that "plaintiff has at least the three mentioned strikes against him and has indeed abused his privilege to invoke the in forma pauperis status based upon the multiple lawsuits filed and the overabundance of dismissals, voluntarily and involuntarily." Id. at *4. Revoking the in forma pauperis status of a litigant for abuse of the system is a legitimate action to be taken, whether the litigant is a prisoner or not, but it is a separate conceptual ground from acquiring a third "strike" under §1915(g). See, e.g., Maxberry v. S.E.C., 879 F.2d 222, 224 (6th Cir. 1989)(revoking a non-prisoner's right to file actions in forma pauperis based on his "history of unsubstantial and vexatious

-4-

litigation").

Further, McGrew relied on the decision in Adepegba v. Hammons, 103 F.3d 383 (5th Cir.1996), which applied the three strikes provision of §1915(g) retroactively to a pending appeal (something that no other Court of Appeals has done).  That decision, while binding on district courts within the Fifth Circuit such as the McGrew court, is of course, not binding here. Further, this Court does not find it persuasive because it contains no discussion of the precise language of §1915(g) which is at issue in this case, perhaps because the word "bring" appears to modify the phrase "a civil action" only; as to the pursuit of an appeal, which was the issue in Adepegba, the statutory phrasing is not "bring an appeal" but rather "appeal a judgment...."  And, although there is a reasonable argument to be made that "appeal a judgment" means "pursue an appeal already pending" rather than "file a notice of appeal," every court which has specifically considered that language has chosen the latter reading.  See Chandler v. District of Columbia Dept. of Corrections, 145 F.3d 1355 (D.C. Cir. 1998); Canell v. Lightner, 143 F.3d 1210, 1212-13, (9th Cir.1998); Abdul-Wadood v. Nathan, 91 F.3d 1023, 1025 (7th Cir.1996); see also White v. Gregory, 87 F.3d 429, 430 (10th Cir. 1996).

Based on this precedent, the overwhelming weight of authority supports the conclusion that the word "bring" found in §1915(g) means exactly what it says.  This Court agrees.  With respect to the interpretation of a statute enacted by Congress, "it is elementary that '[t]he starting point in every case involving construction of a statute is the language itself.'" Southeastern Community College v. Davis, 442 U.S. 397, 405 (1979), quoting Blue Chip Stamps v. Manor Drug Stores, 421 U.S. 723, 756 (1975)(Powell, J., concurring); see also United States v. Ron Pair Enterprises, Inc., 489 U.S. 235, 241 (1989).  If the statutory language is plain, it conclusively establishes the

-5-

intent of the legislature except in those rare cases where the result of giving the statute its plain meaning is demonstrably different from the clear intent of the drafters of the statute. United States v. Ron Pair Enterprises, Inc., 489 U.S. at 242; see also United States v. Underhill, 813 F.2d 105, 111 (6th Cir.), cert. denied sub nom. Rayburn v. United States, 482 U.S. 906 (1987).

Strict adherence to the rule that a statute is to be given its plain meaning has significant desirable consequences. First, it discourages judicial legislating, thereby keeping the legislative power vested in the appropriate and popularly-elected branch of government. It also encourages the drafters of legislation to speak plainly and precisely, knowing that if they do so, the courts will enforce the law as it has been clearly articulated. Finally, it promotes certainty in the law, eliminating the need for resort to other interpretive devices such as a review of legislative history, which is usually a grab-bag from which support for almost any interpretation of a statute can readily be plucked.

The relevant statutory language in this case is the phrase "bring a civil action," which is also followed by the use of the word "prior" with respect to the "three strikes" which disqualify a prisoner from proceeding in forma pauperis. Since Mr. Brown did not "bring" this action at a time when he had accumulated three "strikes" arising from "prior" dismissals, this statutory section, by its own clear language, simply may not be applied to this case. Therefore, the defendants' motion lacks merit.

III.

Based on the foregoing reasons, defendants' Motions to Compel Immediate Payment of Full Filing Fees and For Related Relief Under the Three Strikes Provision of the PLRA (#21 in Cases No. 2:10-cv-283 and 10-cv-352, and #12 in Case No. 2:10-cv-967) are denied. The accompanying motions to stay the cases

pending resolution of the filing fee issue (#22 in Cases No. 2:10-cv-283 and 10-cv-352, and #14 in Case No. 2:10-cv-967) are denied as moot.

IV.

Any party may, within fourteen days after this Order is filed, file and serve on the opposing party a motion for reconsideration by a District Judge.  28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P.; Eastern Division Order No. 91-3, pt. I., F., 5.  The motion must specifically designate the order or part in question and the basis for any objection.  Responses to objections are due fourteen days after objections are filed and replies by the objecting party are due seven days thereafter. The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

This order is in full force and effect, notwithstanding the filing of any objections, unless stayed by the Magistrate Judge or District Judge.  S.D. Ohio L.R. 72.4.

/s/ Terence P. Kemp
United States Magistrate Judge