IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Frank C. Brown, Jr.,

    Plaintiff,

  v.                                           Case No. 2:10-cv-283

Warden Deb Timmerman-Cooper,         JUDGE EDMUND A. SARGUS, JR.
et al.,                                           Magistrate Judge Kemp

    Defendants.

Frank C. Brown, Jr.,

    Plaintiff,

  v.                                           Case No. 2:10-cv-352

Russ Parish, et al.,                         JUDGE EDMUND A. SARGUS, JR.
                                                    Magistrate Judge Kemp

    Defendants.

Frank C. Brown Jr.,

    Plaintiff,                               Case No. 2:10-cv-967

  v.

Warden Deb Timmerman-Cooper          JUDGE EDMUND A. SARGUS
et al.,                                           Magistrate Judge Kemp

    Defendants.

## OPINION AND ORDER

In an Opinion and Order dated April 14, 2011, the Magistrate Judge denied a motion filed by defendants to revoke plaintiff Frank C. Brown, Jr.'s *in forma pauperis* status and assess him the full filing fee in each of these three cases. Defendants have filed an objection to that order,

which the Court will construe as a motion for reconsideration. For the reasons that follow, the Court hereby **ADOPTS** and **AFFIRMS** the Magistrate Judge's order.

I.

Federal Rule of Civil Procedure 72(a) provides the procedural mechanism through which a party may obtain review of orders issued by a Magistrate Judge on nondispositive matters. The Rule provides that, in considering objections to such orders, the District Judge "shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." Fed.R.Civ.P. 72(a); *see also* 28 U.S.C. §636(b)(1)(A). The clearly erroneous standard "'mandates that the district court affirm the magistrate's decision unless, on the entire evidence, it is left with the definite and firm conviction that a mistake has been committed. In the absence of clear error, the magistrate's order must stand.'" *Balalovski v. Lucent Technologies, Inc.*, 2003 WL 21011148, *4 (S.D. Ohio April 10, 2003)(unreported)(Sargus, J.) (quoting *Farley v. Farley*, 952 F.Supp. 1232, 1235 (M.D. Tenn.1997) (internal citations omitted)). To establish that a Magistrate Judge's opinion is contrary to law, an aggrieved party must demonstrate that the conclusions ignore or contradict relevant precepts of law. *Gandee v. Glaser*, 785 F.Supp. 684, 686 (S.D. Ohio 1992). Further, when determining if a Magistrate Judge's non-dispositive order is clearly erroneous or contrary to law, the Court will not ordinarily consider factual material or legal arguments not presented to the Magistrate Judge. *See, e.g. Haines v. Liggett Group Inc.*, 975 F.2d 81, 91 (3d Cir. 1992) ("In a subparagraph (A) matter, the district court is not permitted to receive further evidence; it is bound by the clearly erroneous rule in reviewing questions of fact")..

II.

The sole issue presented to the Magistrate Judge was whether, now that Mr. Brown has acquired three "strikes" (that is, dismissals of actions as frivolous or for failure to state a claim), the "three strikes" provision of the Prison Litigation Reform Act, 28 U.S.C. §1915(g), requires that the Court's prior grant of *in forma pauperis* status to Mr. Brown be revoked. It is undisputed that at the time he filed these cases, Mr. Brown did not have three "strikes" against him, and he was allowed to proceed by paying the filing fee in installments. The Magistrate Judge concluded that §1915(g) applied only to the commencement of an action by a prisoner with three strikes, and was simply inapplicable to the situation where those strikes were acquired after a case was brought.

In their objection, the defendants appear to concede that the Magistrate Judge's decision was correct. However, they now argue that, based on an affidavit they filed as part of their amended objection to the order, that Mr. Brown should be declared an abusive litigator and that the Court should revoke his *in forma pauperis* status for that reason.

As noted, the only issue properly before the Court when an objection or motion for reconsideration is filed with respect to a Magistrate Judge's non-dispositive order is whether the order is clearly erroneous or contrary to law. Defendants agree that it is neither. An objection to an order that is neither clearly erroneous nor contrary to law is not the proper method for raising an entirely new argument about whether Mr. Brown should be allowed to continue to proceed in these cases without the need to pay the entire filing fee at once. A new motion, upon which the Magistrate Judge can make the initial ruling, would be a more appropriate way of presenting that question for the Court's resolution. Therefore, the motion for reconsideration will be overruled, but defendants may file a new motion raising the same issues.

3

## III.

For the reasons set forth above, the Court **ADOPTS** and **AFFIRMS** the Magistrate Judge's Opinion and Order of April 14, 2011 (Doc. 28) and **DENIES** defendant's motion for reconsideration (Doc. 29, as amended by Doc. 30).

**IT IS SO ORDERED.**

5-3-2011
**DATE**

**EDMUND A. SARGUS, JR.**
**UNITED STATES DISTRICT JUDGE**

4