IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Frank C. Brown, Jr.,

    Plaintiff,

v.

Russ Parrish, et al.,

    Defendants.

Case No. 2:10-cv-352

JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Kemp

## OPINION AND ORDER

In this prisoner civil rights case, which involves a claim by Plaintiff Frank C. Brown, Jr., about denial of access to legal materials and interference with his right to access the courts, defendants moved for judgment on the pleadings, arguing that Mr. Brown did not properly exhaust his remedies under the prison grievance system. Such exhaustion is required by the Prison Litigation Reform Act. *See* 42 U.S.C. Section 1997e(a).

In a Report and Recommendation filed on January 5, 2012, the Magistrate Judge recommended that the motion be granted as to all defendants except Deb Timmerman-Cooper, the warden of the London Correctional Institution, where the events in question allegedly occurred. Defendants have not objected to that recommendation. Mr. Brown has filed two separate documents which purport to be objections (Doc. 75 and Doc. 81). Defendants responded to the first of these filings. For the following reasons, Mr. Brown's objections will be overruled and defendants' motion for judgment on the pleadings will be granted in part and denied in part.

I.

When objections are received to a report and recommendation on a dispositive matter,

the district judge "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed.R.Civ.P. 72(b)(3). After such review, the district judge "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*; see also 28 U.S.C. § 636(b)(1)(C).

II.

Mr. Brown's objections do not take issue specifically with the Report and Recommendation's description of the efforts he made to exhaust his administrative remedies, so the Court adopts that part of the Report. In short, Mr. Brown filed a proper grievance against the Warden, did not file grievances against Major Taylor or Mr. Parrish because, according to him, the person to file those grievances with was the Deputy Warden of Operations, and there either was no such person or the position was being temporarily filled by either Major Taylor or Mr. Parrish, and did not exhaust the grievance process against any other named defendant. From this factual background and a review of the applicable regulation and case law, the Report and Recommendation concluded that Mr. Brown had not offered any valid excuse for not filing something, with someone, about the conduct of any of the other defendants, and that the regulation gave him options to follow if, for example, the position to which he was to direct his informal complaint was vacant or occupied by someone who was to be named in that complaint.

In his objections, Mr. Brown advances several new arguments about exhaustion that he had not set forth previously. In his complaint, as noted in the Report and Recommendation, he affirmatively states that he grieved the issues in the complaint only against defendants Timmerman-Cooper, Parrish, and Taylor. In his response to the motion for judgment on the pleadings, he repeated this information, and also explained why, after the Warden refused to

2

accept his grievance against defendants Parrish and Taylor, he did not pursue the matter further. Now, in his objection, he argues (although this argument appears nowhere in the pleadings, upon which a motion for judgment on the pleadings is to be decided) that he would not have been allowed to file more than one informal complaint about the same matter (even though the prison grievance system says nothing about prohibiting the filing of multiple grievances if one of the targets of the grievance is the Warden, for whom there are special rules about filing grievances) and that he did not either finish the grievance process against some defendants, or pursue it against others, because he was transferred out of LOCI before he could do so, or was denied a grievance form by prison officials.

As noted, Mr. Brown's own complaint does not support many of these arguments. Further, a party is not ordinarily permitted to raise additional arguments after a Report and Recommendation is filed that were not presented to the Magistrate Judge. *See, e.g., Guethlein v. Potter*, 2011 WL 672046 (S.D. Ohio February 17, 2011), *citing, inter alia, United States v. Waters*, 158 F.3d 933, 936 (6th Cir. 1998). Finally, there is no merit in Mr. Brown's claim that by being transferred to another institution, he was relieved of any obligation to file a grievance about something which occurred at a different institution. *See Napier v. Laurel Co., Ky.*, 636 F.3d 218 (6th Cir. 2011). There is nothing in the OAC which suggests that once a prisoner is transferred within the Ohio prison system, he can no longer file or pursue grievances about what happened at a former institution. Absent some showing that ODRC does not allow such filings, Mr. Brown simply may not use his transfer - asserted for the first time in his objection as an excuse for his failure to exhaust - as a basis for avoiding the dismissal of the defendants against whom no proper grievance was ever filed.

Mr. Brown also argues that the Magistrate Judge erred in denying his motion to supplement and to strike. The Court has reviewed the motion (Doc. 55), which was filed in this and four other cases in which Mr. Brown is a plaintiff, and agrees that it should be denied. To the extent that it represents a request to file some type of supplemental pleading, no supplemental pleading is attached and the motion does not set forth any specific claims which might be included in such a pleading. The alternative portion of the motion appears to be a request for permission to file any additions or supplements to the pleadings and to have them denominated as "original pleadings." There is no authority in the Federal Rules of Civil Procedure for such relief. Therefore, this second portion of Mr. Brown's objection also lacks merit.

III.

For the reasons stated above, Mr. Brown's objections (Docs. 75 and 81) to the Report and Recommendation are **OVERRULED** and the Report and Recommendation (Doc. 66) is **ADOPTED AND AFFIRMED**. The motion for judgment on the pleadings (Doc. 38) is **GRANTED** as to all defendants other than defendant Deb Timmerman-Cooper, and **DENIED** in all other respects. It is further **ORDERED** that the motion for extension of time or stay (Doc. 41) is **DENIED AS MOOT**. The previously-ordered stay of this case is lifted, and the Magistrate Judge is directed to issue a new scheduling order.

**IT IS SO ORDERED.**

7-10-2012
DATE

EDMUND A. SARGUS, JR.
UNITED STATES DISTRICT JUDGE

4