```
             IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF OHIO
                        EASTERN DIVISION
```

Frank C. Brown, Jr.,              :

    Plaintiff,                    :

  v.                               :        Case No.  2:10-cv-352

Russ Parish, et al.,              :        JUDGE EDMUND A. SARGUS, JR.
                                                      Magistrate Judge Kemp
    Defendants.                   :

## REPORT AND RECOMMENDATION

Plaintiff, Frank C. Brown, Jr., a state prisoner, filed this action under 42 U.S.C. §1983 alleging that by denying him access to certain of his legal materials, the defendants adversely affected his ability to pursue legal actions relating either to the fact or the conditions of his confinement.  In an Opinion and Order filed on July 16, 2010, the Court concluded that the complaint adequately stated a claim for infringement of the First Amendment right of access to the courts, noting that Mr. Brown "may or may not have suffered actual prejudice resulting from the alleged actions of the defendants.  However, Plaintiff's allegations are sufficient to state a claim upon which relief may be granted."  Defendants answered, and subsequently filed a motion for judgment on the pleadings, raising the defenses of lack of exhaustion of the prison grievance procedure and qualified immunity.  In an Opinion and Order filed on July 10, 2012, the Court granted the motion on exhaustion grounds as to all defendants but Warden Timmerman-Cooper.  Her motion, which also raised issues of exhaustion, was denied because the Court concluded that Mr. Brown followed the proper procedure for filing a grievance against the Warden and that, despite defendants' arguments to the contrary, his grievance sufficiently alleged her personal involvement in the confiscation of, and refusal to return, his legal materials.

Warden Timmerman-Cooper has now filed a motion for judgment on the pleadings. The sole basis of that motion is her argument that the complaint pleads no facts concerning her involvement in the confiscation of Mr. Brown's legal materials, and that she cannot be held liable solely on *respondeat superior* grounds. Mr. Brown has opposed the motion. For the following reasons, it is recommended that the motion be denied.

I.

A motion for judgment on the pleadings filed under Fed.R.Civ.P. 12(c) attacks the sufficiency of the pleadings and is evaluated under the same standard as a motion to dismiss. Amersbach v. City of Cleveland, 598 F.2d 1033, 1038 (6th Cir.1979). In ruling upon such motion, the Court must accept as true all well-pleaded material allegations of the pleadings of the opposing party, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment. Southern Ohio Bank v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 479 F.2d 478, 480 (6th Cir.1973). The same rules which apply to judging the sufficiency of the pleadings apply to a Rule 12(c) motion as to a motion filed under Rule 12(b)(6); that is, the Court must separate factual allegations from legal conclusions, and may consider as true only those factual allegations which meet a threshold test for plausibility. See, e.g., Tucker v. Middleburg-Legacy Place, 539 F.3d 545 (6th Cir. 2008), citing, inter alia, Bell Atlantic Corp. v. Twombly 550 U.S. 544 (2007). It is with these standards in mind that the motion for judgment on the pleadings must be decided.

II. Discussion

As noted, one basis of the prior motion, which the Court overruled, was that Mr. Brown had not exhausted the grievance system properly as it relates to the Warden because his grievance did not adequately allege her personal involvement in the claimed

constitutional deprivations.  In rejecting that argument, the Court - as it is permitted to do when considering a motion for judgment on the pleadings, see Haeberle v. University of Louisville, 90 Fed. Appx. 895 (6th Cir. February 6, 2004), citing Weiner v. Klais & Co., 108 F.3d 86, 89 (6th Cir. 1997) - looked to the attachments to Mr. Brown's complaint.  There, the Court, after noting that allegations of personal involvement are "both a requirement of the Ohio Administrative Code and a requirement to state a claim against a supervisory official under §1983.  See Monell v. Department of Social Services, 436 U.S. 658 (1978)," held that "the grievance clearly lays out the violation and the Warden's alleged complicity in it, or, at the very least, her personal knowledge and approval of it."  Report and Recommendation, Doc. 66, at 5-6.  The Warden did not object to the Report and Recommendation as to this point, and Judge Sargus subsequently adopted and affirmed this conclusion in the July 10, 2012 Opinion and Order.

Given the fact that the argument which the Warden now presents is very similar to the one raised in her prior motion, although it is phrased in terms of failure to state a claim as opposed to failure to exhaust, it is relevant to quote the Report and Recommendation's analysis of this issue.  There, the Court said:

> Mr. Brown's grievance filed with the Chief Inspector, which is attached to his complaint (the electronic copy is nearly illegible, but there is an original copy available in a hard file maintained by the Clerk's office which is much more readable) states the following.  The grievance is dated February 20, 2010, at a time when his property was still in the property vault, and it begins by alleging that "Deb Timmerman-Cooper [is] violating my constitutional right of access to the court by keeping my personal and general legal materials locked up in the R & T vault and refusing to give it back."  He mentions her several more times in the grievance, stating at one point that "Warden Cooper

> is most definitely aware that I am being denied access, have been denied access and am still being denied access to all the legal material ...." As relief, he asked that she be told that she "cannot nor is permitted to engage in this sort of conduct at any time and there can be ramifications. She is knowingly violating a constitutional rule, and DRC policy and OAC codes."

Report and Recommendation, Doc. 66, at 5-6.

In her current motion, the Warden makes no mention of the allegations in this grievance, focusing instead on the body of the complaint and the section where Mr. Brown was asked to state the facts underlying his claim. She also does not appear to acknowledge that she made a similar argument in her prior motion for judgment on the pleadings and that the Court rejected it.

It is true, as the Warden's motion points out, that a supervisory official cannot be held liable just by virtue of denying an administrative grievance. See Shehee v. Luttrell, 199 F.3d 295 (6th Cir. 1999). That is true in part because, under §1983, "[a] plaintiff's claim is against the subjects of his grievances, not those who merely decided whether to grant or deny the grievances." Burke v. Thompson, 2010 WL 1141213, *3 (W.D. Ky. March 22, 2010). As this Court has said, "[t]he law is clear that unless a defendant is personally involved in some way in an alleged constitutional deprivation, simply gaining knowledge of the situation through the prison grievance process and failing to respond are not sufficient to make someone liable." Harris v. Collins, 2007 WL 1822288, *3 (S.D. Ohio June 22, 2007).

Here, however, Mr. Brown alleges more than that. He claims - whether truly or falsely - that the Warden herself was directly involved in keeping his legal materials from him at a time when he was attempting to litigate issues concerning his conditions of confinement or the fact of his confinement. Shehee premised its holding of no liability on the absence of allegations that "'the

-4-

[prison] official at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers'" in some way other than by denying a grievance directed toward those officers' conduct. Shehee, 199 F.3d at 300, quoting Hays v. Jefferson County, Ky., 668 F.2d 869, 874 (6th Cir. 1982). Mr. Brown, in his grievance against the Warden, alleges that she was a participant in the decision to continue to withhold his legal materials, and not just that she did not sustain his grievances against the officers who allegedly confiscated those materials. At the pleading stage, that is enough to satisfy the requirement of alleging personal involvement. Cf. Lueck v. Wathen, 262 F.Supp.2d 690, 696 (N.D. Tex. 2003)(holding that complaint sufficiently alleged personal involvement of an assistant warden in the confiscation of legal materials when plaintiff claimed that official "directed Officers ... to confiscate his legal materials in violation of prison policy"). It is important to recall that Mr. Brown is complaining not only about the initial confiscation of his legal materials, an action which, it appears, the Warden learned of only after the fact, and only through the grievance process, but also the continued detention of those materials, something which, says Mr. Brown, the Warden not only knew about but either actively encouraged or ordered. Again, because the current motion to dismiss focuses solely on the sufficiency of the allegations of personal involvement, Mr. Brown's claims against the Warden - whatever their other deficiencies - survive this motion.

    Mr. Brown has also moved for a temporary restraining order and preliminary injunction. However, he is no longer at the London Correctional Institution, where the only defendant in this case is the Warden. She would have no ability to cure the problems he describes in his motion. Therefore, it will be

recommended that his motion be denied.

### III. Recommendation and Order

Based on the above discussion, it is recommended that the motion for judgment on the pleadings (#88) and Mr. Brown's motion for a preliminary injunction and temporary restraining order (#90) both be denied. Should the Court adopt this recommendation, it should grant defendants a short period of time to move for summary judgment so that the Court can determine if there are triable issues of fact, and, if so, to set the case for trial.

### IV. Procedure on Objections

If any party objects to this Report and Recommendation, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation de novo, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir.1981).

/s/ Terence P. Kemp

                                 United States Magistrate Judge