IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION


Frank C. Brown, Jr.,        :

       Plaintiff,        :

    v.                :     Case No. 2:10-cv-352

Russ Parrish, et al.,      :     JUDGE EDMUND A. SARGUS, JR.
                                 Magistrate Judge Kemp

       Defendants.      :

REPORT AND RECOMMENDATION

This prisoner civil rights case is before the Court to consider Defendant Deb Timmerman-Cooper's motion for summary judgment. Mr. Brown has been given several extensions of time to respond; he has more such requests pending, but despite the passage of a year since the motion was filed, he has never responded. For the following reasons, it will be recommended that the summary judgment motion be granted.

I.

The history of this case is set forth in several prior orders of the Court. For example, in the Court's Opinion and Order of July 10, 2012, the Court described the case as involving Mr. Brown's "claim ... about denial of access to legal materials and interference with his right to access the courts ...." Doc. 84, at 1. In that order, the Court granted a motion for judgment on the pleadings in favor of all defendants except Warden Timmerman-Cooper, finding that Mr. Brown had not exhausted the inmate grievance procedure with respect to his claims except for those against the Warden. After that order was issued, the Court set a case schedule, pursuant to which Ms. Timmerman-Cooper filed a second motion for judgment on the pleadings, arguing that the complaint did not adequately allege her personal involvement in

any claimed denial of constitutional rights.  The Court denied
that motion as well, see Doc. 96, but it granted the Warden sixty
additional days to move for summary judgment.  Her motion was
filed in accordance with that order.

Mr. Brown, who has consistently taken the position that he
does not have access to legal materials needed to prosecute this
and other cases, asked for and received extensions of time to
respond to the motion, first to July 12, 2013; then to August 29,
2013; then to October 12, 2013; and finally to November 12, 2013.
He moved to extend that date again.  The Court has not ruled on
that motion, but Mr. Brown has made no effort to file a response
even though six months have passed since his last request for an
extension.  The Court will proceed to analyze the motion on the
basis of the present record.

II.

Warden Timmerman-Cooper has moved for summary judgment on a
number of grounds.  She argues that Mr. Brown, despite his
claims, has been fully able to litigate all of his matters,
particularly civil claims protected by the First Amendment.  She
also asserts that any confiscation of his legal materials
occurred pursuant to valid prison regulations concerning the
amount of personal property which an inmate may possess.
Finally, she claims that she had no direct involvement in any
denial of access to the courts if, in fact, any such denial
occurred.  Her motion is supported by an affidavit from Bonnie
Williams, a paralegal in the Criminal Justice Section of the Ohio
Attorney General's office, and hundreds of pages of exhibits
dealing with cases which Mr. Brown filed or litigated in Ohio's
two federal district courts, the Sixth Circuit Court of Appeals,
and various State courts.  Additionally, the motion is
accompanied by a declaration from Unit Manager Administrator
Russell Parrish, who was directly involved in the disposition or

storage of Mr. Brown's legal materials during the time Mr. Brown was housed at the London Correctional Institution (where Ms. Timmerman-Cooper was the Warden).  Mr. Parrish's declaration states that Mr. Brown had excess personal property (more than the one 2.4 cubic foot locker box which an inmate may possess); that Mr. Brown's excess materials were kept at London, but either in Mr. Parrish's office or in the vault; that Mr. Brown had access to them at any time via a written request; that the institution provided him with accommodations for his legal materials to a greater extent than it did for other inmates; and that all of the decisions about legal materials "were made by [Mr. Parrish, unit manager Kelly] Mason, or other unit staff members, or the vault staff.  Warden Deb Timmerman-Cooper had no direct involvement in these decisions."  (Parrish Declaration, ¶11).

This last allegation is potentially case-dispositive.  It has long been the law that *respondeat superior* - the legal doctrine which makes supervisory employees responsible for the actions or inactions of their subordinates - does not apply to cases brought under 42 U.S.C. §1983.  "Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior." Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009).  Even if a prison official becomes aware of an alleged constitutional violation by way of a grievance, denying that grievance does not amount to "personal involvement" in the alleged wrongful act.  See, e.g., Skinner v. Govorchin, 463 F.3d 518, 525-26 (6th Cir. 2006), citing, inter alia, Shehee v. Luttrell, 199 F.3d 295, 300 (6th Cir. 1999).

Despite the passage of a long period of time, Mr. Brown has not filed any response to Warden Timmerman-Cooper's claim that, even if the way in which institution staff dealt with Mr. Brown's property was improper, she was not directly involved.  The law is clear that "a party cannot rest on the allegations contained in

his ... [pleadings] in opposition to a properly supported motion for summary judgment against him." First National Bank of Arizona v. Cities Service Co., 391 U.S. 253, 259 (1968) (footnote omitted).  Even if the property which Mr. Brown consistently claims was taken or withheld from him was not immediately accessible to him, he has made no showing that he was unable, for a year, to file an affidavit or declaration about the Warden's alleged involvement in this case a very limited subject, and one which he addresses in his complaint.  He has known that it was a potential issue at least since the first motion for judgment on the pleadings was filed; if he had any evidence to support her involvement, he has had ample time to marshal it and come forward with it.  Under these circumstances, the Court must conclude that the assertion in Mr. Parrish's declaration is true; because it has not been controverted as provided for in Fed.R.Civ.P. 56(c), the Court is entitled to "consider the fact undisputed for purposes of the motion ...." Fed.R.Civ.P. 56(e).  That being so, it is recommended that the motion for summary judgment (Doc. 97) be granted, that all other pending motions be denied, and that judgment be entered in favor of the defendants.

                    PROCEDURE ON OBJECTIONS

     If any party objects to this Report and Recommendation, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the

                            -4-

magistrate judge with instructions.  28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation de novo, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir.1981).

/s/ Terence P. Kemp
United States Magistrate Judge